THE HUB, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46298, 46991, 54276. Promulgated October 12, 1932.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Owen W. Swecker, Esq.*, for the respondent.

OPINION.

TRAMMELL: These proceedings, duly consolidated for hearing, are for the redetermination of deficiencies in income tax for the fiscal years ended January 31, 1927, 1928, and 1929, in the amounts of $37.12, $601.87, and $1,004.69, respectively. The sole error alleged in each case is the disallowance by the respondent, as a deduction from gross income, of a payment made by the petitioner on its subscription to the capital stock of the Ohio Valley Industrial Corporation.

The petitioner is a West Virginia corporation, with its principal office at Wheeling, and for 25 years has been engaged in the ready-to-wear clothing business for men, women and children.

Wheeling is located in an iron and coal district, and some ten years prior to the taxable years there began a continued decline in the sales of all classes of business in that district, due primarily to the fact that several large steel plants were moved from the Wheeling district to Gary, Indiana. As an accompanying result the bituminous coal industry was adversely affected and a large number of men thrown out of employment, which materially reduced the pay rolls of the Eastern Ohio District contiguous to Wheeling and from which it drew business amounting to about fifty million dollars annually. Also, the steel industries remaining in the district reduced production and employment. The decline in pay-roll volume after 1921 amounted to about 50 per cent. All merchants in the district suffered approximately the same decline.

This situation brought about cooperative action by the larger retail dealers of Wheeling, including the petitioner. Meetings were held with a view to devising the most suitable plan for bringing new and varied industry into the Wheeling District. Finally it was decided to form for that purpose a nonprofit corporation, to be

known as the Ohio Valley Industrial Corporation, with a subscribed capital of $1,000,000, payable in annual installments over a period of 10 years. The capital was oversubscribed to the extent of about $180,000 and the corporation was organized, its charter being granted by the State of West Virginia on April 1, 1926. It is exempt from state, county, and city taxes, and paid on charter fee.

The principal purposes for which said industrial corporation was formed are stated in its charter as follows: "To rehabilitate and otherwise assist manufacturing plants that deserve financial and other assistance" within the Wheeling District; to assist in locating additional manufacturing plants in said territory and to assist in increasing and bettering of manufacturing plants already operating therein; and generally to authorize and conduct "such traveling, research, comparative statistics and other study as may be deemed proper to carry the foregoing objects into effect." The charter further declares that, "This corporation is not organized for personal gain, but only as a civic undertaking, and there shall never be any dividends declared from profits, and all profits accruing shall be placed in a surplus fund for the objects and purposes of the Corporation."

The purposes of the corporation have been accomplished to a considerable extent. Conditions in Wheeling have been improved, due to the fact that opportunities for employment have been increased. Some six or seven hundred men have been employed through the operations of the industrial corporation, and the effect of such enlarged pay rolls has been reflected in the increased sales of the petitioner.

The petitioner subscribed for $50,000 of the stock of the corporation, and has paid in something in excess of $22,000 to date, the balance of the subscription being subject to call of the corporation. During the fiscal years ended January 31, 1927, 1928, and 1929, the petitioner paid on its stock subscription the amounts of $1,500, $4,500, and $5,500, respectively, which amounts were charged off as expense and deducted in reporting taxable income. The deductions were disallowed by the respondent in computing the deficiencies in controversy.

The question of the allowance of expense deductions in computing taxable income of corporations has been considered by us in numerous cases arising under widely varying facts. In *Eitingon-Schild Co. et al.*, 21 B. T. A. 1163 (p. 1176 et seq.), we reviewed briefly some of our prior decisions on this subject, as well as decisions of the courts, and stated the rule to be that an expenditure "is deductible as a business expense when, and only when, it bears some reasonable relation to the conduct of the corporation's business."

In *American Rolling Mill Co.*, 41 Fed. (2d) 314, the United States Circuit Court of Appeals for the Sixth Circuit held that a contri-

bution by a taxpayer corporation to a civic improvement fund was properly deductible as a business expense, saying:

The question always is whether balancing the outlay against the benefits to be reasonably expected, the business interest of the taxpayer will be advanced. * * *.

We cannot accept the contention that to permit the petitioner to make this contribution would give to a corporation the right to make donations to charity which is given exclusively to individuals * * *. The contention overlooks the fact that the contribution was not a philanthropy, but was a business expenditure to be reflected in increased earnings.

In the present case the claimed deductions, in our opinion, quite clearly come within the two rules above set forth, which in essential substance are the same. The expenditures of this petitioner, while they represented installment payments made on its subscription for the capital stock of the industrial corporation, did not in any proper sense constitute an investment in a capital asset, since they were made without hope of any return in the form of dividends either from profits or in liquidation. The petitioner plainly was actuated by the motive of business gain, a reasonable expectation that the plan of operation when put into effect would result in an increase of its own sales and thus an increase of profits. That expectation was justified by subsequent events. Certainly these expenditures can not fairly be said to be donations to charity, and that they bore a reasonable relation to the conduct of the petitioner's business, we think is too obvious to require argument.

In *Emery, Bird, Thayer Dry Goods Co.*, 20 B. T. A. 796, we held that the amounts paid by the petitioner to the Kansas City Chamber of Commerce on account of subscriptions and membership dues were deductible from gross income as ordinary and necessary expenses. The purpose of the contributions to the chamber of commerce in that case was identical with the purpose of the petitioner herein in subscribing to the stock of the industrial corporation. There we said: " The evidence is pursuasive and convincing that such memberships and the subscriptions and dues paid on account thereof were intended to and did materially increase the volume of the petitioner's business." The only substantial difference between the facts of that case and those of the instant case lies in the form of the instrumentality selected to effect the result desired, and such difference, we think, has no material bearing on the question of the allowance of the expenditures as expense deductions.

Again, in *Matson Navigation Co.*, 24 B. T. A. 14, we considered substantially the same problem as is here involved, and held that a payment of $2,500 made by the petitioner to Californians, Inc., a nonprofit cooperative advertising agency, was deductible as a business expense. In that case, as here, the instrumentality was in cor-

1204

porte form, but to that fact we attributed no significance. In our opinion we said:

> We are convinced that petitioner's contribution was motivated primarily by business consideration; that it received definite tangible advantages therefrom; and that it was by every test a proper business expense. *Hirsch-Weis Manufacturing Co.*, 14 B. T. A. 796.

The action of the respondent herein is reversed. The deficiencies will be redetermined accordingly.

*Judgment will be entered under Rule 50.*